UNITED  STATES  DISTRICT  COURT

CENTRAL  DISTRICT  OF  CALIFORNIA

WESTERN  DIVISION

| | | |
|---|---|---|
| LARRY SMITH, | ) | No. CV 14-05308-VBK |
| | ) | |
| Plaintiff, | ) | MEMORANDUM OPINION |
| | ) | AND ORDER |
| v. | ) | |
| | ) | (Social Security Case) |
| CAROLYN W. COLVIN, Acting | ) | |
| Commissioner of Social | ) | |
| Security, | ) | |
| | ) | |
| Defendant. | ) | |
| | ) | |

This matter is before the Court for review of the decision by the
Commissioner of Social Security denying Plaintiff's application for
disability benefits. Pursuant to 28 U.S.C. §636(c), the parties have
consented that the case may be handled by the Magistrate Judge. The
action arises under 42 U.S.C. §405(g), which authorizes the Court to
enter judgment upon the pleadings and transcript of the Administrative
Record ("AR") before the Commissioner. The parties have filed the
Joint Stipulation ("JS"), and the Commissioner has filed the certified
AR.

Plaintiff raises the following issues:

1.    Whether  the Administrative Law Judge ("ALJ") properly

1  |        considered Plaintiff's testimony.

2  | (JS at 4.)

3  |

4  |        This Memorandum Opinion will constitute the Court's findings of

5  | fact and conclusions of law. After reviewing the matter, the Court

6  | concludes that for the reasons set forth, the decision of the

7  | Commissioner must be reversed and the matter remanded.

8  |

9  |                                    I

10 | **THE ALJ DID NOT FOLLOW APPLICABLE REGULATIONS AND CASE LAW IN**

11 | **DISCOUNTING THE SUBJECTIVE SYMPTOM TESTIMONY PROVIDED BY PLAINTIFF**

12 |        In an unfavorable Decision following a brief hearing before an

13 | ALJ (AR 27-34; 39-50, respectively), it was determined that Plaintiff

14 | is not disabled. Following the familiar five-step evaluation process,

15 | the ALJ concluded, at Step Four, that Plaintiff is capable of

16 | performing his past relevant work. (AR 33.) The ALJ found Plaintiff's

17 | subjective symptom testimony not credible to the extent it was

18 | inconsistent with the determined residual functional capacity ("RFC"),

19 | that Plaintiff can perform the full range of medium exertional work.

20 | (AR 31-32.)

21 |        Plaintiff unsuccessfully requested review by the Appeals Council.

22 | (AR 21-23, 1-7.) This lawsuit followed.

23 |        The ALJ depreciated Plaintiff's symptom testimony because he

24 | concluded it was inconsistent with "the objective medical evidence

25 | ..." (AR 32.) Although there are some peripheral references, which the

26 | Court will discuss, the basic and principal factor relied upon by the

27 | ALJ was this supposed discrepancy between Plaintiff's testimony and

28 | the objective medical evidence.

1    Evaluation of subjective symptom testimony occurs in the vast
2    majority of cases, and the evaluative procedure should be quite
3    familiar to an ALJ. The evaluation is governed by regulation (Social
4    Security Ruling ["SSR"] 96-7p), and by familiar case law. See, e.g.,
5    Bunnell v. Sullivan, 947 F.2d 341, 345 (9th Cir. 1991)(en banc). In a
6    two step process, it must first be determined whether the medically
7    determinable impairments could reasonably be expected to cause the
8    alleged symptoms. The ALJ so found. (AR 32.) The next step is whether,
9    absent evidence of malingering (and there is none cited), there are
10   clear and convincing reasons, which must be articulated in the
11   decision, to reject this testimony. See Reddick v. Chater, 157 F.3d
12   715, 722 (9th Cir. 1998)(citing Lester v. Chater, 81 F.3d 821, 834
13   (9th Cir. 1995)); see also Smolen v. Chater, 80 F.3d 1273, 1291 (9th
14   Cir. 1996). See also 20 C.F.R. § 404.1529(c)(2).

15   It is clearly established beyond debate that an ALJ may not
16   entirely base a credibility assessment on a perceived inconsistency
17   between subjective symptoms as testified to by a claimant, and
18   objective medical evidence. Yet, this is what happened in this case.

19   This would normally be the end of the matter, but giving the ALJ
20   the benefit of any doubt, the Court can find some references in the
21   decision to what might be termed other reasons to discount
22   credibility. The ALJ noted that Plaintiff "acknowledged" that he is
23   able to perform household chores, shop for groceries, and use public
24   transportation. (AR 32, citing Plaintiff's Exertional Activities
25   Questionnaire, AR 149-151.) But, even looking at this document with
26   any care would reveal that Plaintiff complained of pain which he
27   suffers when performing any of these activities, in addition to
28   fatigue and shortness of breath. (Id.) Indeed, the ALJ noted that

1    Plaintiff's statements in his functional report are of the same

2    general nature as the subjective complaints articulated in his

3    testimony. (AR 31-32.) In essence, the ALJ acknowledged consistency in

4    Plaintiff's different reporting of his subject symptoms. Moreover, it

5    is fundamental to Social Security law that the types of daily

6    activities in which an individual engages must be consistent in

7    exertional requirements and duration with full-time work activity in

8    order to discount a claim of disability. See Vertigan v. Halter, 260

9    F.3d 1044, 1050 (9th Cir. 2001). See also 20 C.F.R. § 416.912(a).

10       Any reference to the ALJ's reliance on a Social Security

11   Administration claims representative's observations of Plaintiff

12   during an office meeting are entirely not relevant to a credibility

13   determination. (See AR at 30.)

14       In sum, the Decision which the Court is reviewing contains no

15   sufficient reasons to depreciate Plaintiff's credibility. Plaintiff

16   asks that the Court credit as true Plaintiff's subjective symptom

17   testimony, and the Court has carefully considered this request. In

18   this case, because of the complete inadequacy of the articulated

19   reasons set forth in the decision, the Court will not reward the

20   Commissioner by allowing a second bite of the apple, but instead, will

21   require that on remand, at a new hearing, Plaintiff's subjective pain

22   testimony be credited as true. See Varney v. Secretary of Health and

23   Human Services, 859 F.2d 1396, 1398, 1401 (9th Cir. 1988). The Court

24   will not, however, remand for determination and award of benefits,

25   since there may be additional analysis which can and should be

26   performed to determine if Plaintiff qualifies as disabled.

27   //

28   //

4

For the foregoing reasons, this matter will be remanded for further hearing consistent with this Memorandum Opinion.

**IT IS SO ORDERED.**

DATED: May 28, 2015                    /s/
                                        VICTOR B. KENTON
                                        UNITED STATES MAGISTRATE JUDGE